struction in order to permit an architect to secure a mechanics' lien. Supervision of a small section of the envisioned project is not sufficient to warrant a lien for the total amount of the architectural services rendered. Thus, on remand, I would instruct the court to limit the amount of the lien to that work which the appellant could establish was essential to the creation of the model apartment.

It is also clear that the Act would limit the extent of appellant's lien to the apartment and the adjacent curtilage. Thus, on remand, I would instruct the court to act accordingly.

Mr. Justice EAGEN joins in this dissenting opinion.

---

## Commonwealth ex rel. Simpson, Appellant, *v.* Maroney.

Submitted October 5, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN and ROBERTS, JJ.

*Edward Simpson,* appellant, in propria persona.

*Edward J. Martin* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION PER CURIAM, November 15, 1966:
Order affirmed.

Mr. Justice COHEN and Mr. Justice O'BRIEN took no part in the consideration or decision in this case.

O'Hara, Appellant, v. Pritchard.

Argued October 3, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Arnold W. Hirsch*, for appellant.

*Robert L. Ceisler*, for appellee.

OPINION PER CURIAM, November 15, 1966:
Order vacated and cause remanded for the purpose of taking testimony in order that a record may be made and the issue determined thereon by the lower court.

Jaworek, Appellant, v. Blaszcyk.

Argued September 30, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.